The People of the State of New York ex rel. Horace McNeill, Arthur Waszcyszuk, Karl Zapp, Arthur Boyle, Jose Colon, Thomas Samuels, Anthony De Lestre and Arthur Joyner, Respondents, *v.* James J. Morrow, as Director of the Woodbourne Rehabilitation Center, Appellant.

Third Department, July 14, 1969.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *William C. Robbins* of counsel), for appellant.

*Burton M. Ledina* for Horace McNeill and another, respondents.

*Martin I. Lipnack* for Arthur Waszcyszuk, respondent.

*Walter S. Gersten* for Arthur Boyle and another, respondents.

*Theodore Drew* for Jose Colon, respondent.

*Murry P. Gaiman* for Thomas Samuels, respondent.

*Scheinman & Kalter* (*Ivan Kalter* of counsel), for Anthony DeLestre, respondent.

*Frank S. Hogan, District Attorney* (*Bennett L. Gershman* of counsel), for appellant in Samuels, Colon and Joyner appeals.

HERLIHY, J. These are appeals from eight judgments of the Supreme Court at Special Term, entered May 12, May 13, May 14 and May 15, 1969 in Sullivan County, which sustained writs of habeas corpus. No appeal was taken by the Director in the case of *People ex rel. Urbano* v. *Morrow*.

These appeals primarily concern the construction of section 210 of article 9 of the Mental Hygiene Law. This section provides for a method by which an arrested narcotic addict upon his own initiative could be committed to the Narcotic Addiction Control Commission instead of being criminally prosecuted. The respondents argue that the manner in which they were committed to the commission violated the statutory procedure and denied them of due process. Special Term accepted this argument and granted the writs, stating that " [t]his omission divested the court of jurisdiction to grant an order of certification" and directing, in the event the appropriate District Attorney fails to properly recommit petitioners to the commission in the proper manner within 15 days, that they be released from the custody of the commission. This court granted a stay pending the determination of this appeal (*People ex rel. McNeill* v. *Morrow*, 32 A D 2d 1031).

Article 9 of the Mental Hygiene Law establishes four basic ways by which an addict can be committed to a rehabilitation center. Unless otherwise specified, all statutory references herein are to the Mental Hygiene Law. Under section 206 an addict can be certified to a control center either voluntarily on his own petition or involuntarily on the petition of a relative, friend, or " anyone who believes that a person is a narcotic addict " (§ 206, subd. 2, par. a). Once the petition is made to

a court, whether it be by the alleged addict himself or by another person, the Judge must promptly determine if reasonable grounds exist to believe that the person involved is an addict and, if so, to order a medical examination. Before such examination can be ordered, however, the petitioner must be advised of the consequences of this examination including the possible length of time that he will be incarcerated if he is certified as an addict, that he has a right to counsel and that he may contest a medical determination that he is an addict upon a hearing held prior to his certification (§ 206, subd. 2, par. d). Moreover, if the medical examination does in fact result in a determination that the person involved is an addict, the alleged addict must again be brought before the court, again be advised of his rights, be given a copy of the medical report, and be informed that he has a right to contest his status as an addict within the meaning of subdivision 2 of section 201 at a hearing held before a Judge or jury. If after a hearing or jury trial or upon the waiver of those rights the trier of facts concludes that the person involved is an addict, and the medical examination confirms this fact, then the alleged addict will be certified to the commission until he is rehabilitated *or* until the expiration of three years, whichever occurs first.

Section 207 provides that one charged with certain drug offenses or charged after October 1, 1967 with any felony or misdemeanor or the offense of prostitution, '' who, while in custody or when he appears before the court, shall *state, indicate or show symptoms* * * * that he is a narcotic addict, shall undergo a medical examination to determine whether he is a narcotic addict.'' (Emphasis supplied.) Upon the completion of the examination the report should be '' promptly '' transmitted to the court where '' the indictment, information or complaint is pending '', as well as to the defendant and the District Attorney (§ 207). If subsequently the defendant is convicted or pleads guilty to the crime charged, section 208 directs that this report be used in sentencing the defendant. At sentencing the court must grant to the defendant the right to have his status as an addict adjudicated at a hearing held either before a Judge or a jury, though of course the defendant could waive his right to such a hearing if he so desires (see *People* v. *Fuller,* 24 N Y 2d 292). If the trier of facts thereafter determines that the defendant is an addict and the crime involved is a misdemeanor or the offense of prostitution, the defendant must be certified to the commission's custody for a period of three years or until he is rehabilitated whichever occurs sooner. But if the defendant is guilty of a felony the court is given the dis-

cretion to either commit the defendant to a rehabilitation center or to sentence him under the Penal Law in the usual fashion. In either instance the defendant is a convicted criminal.

Under section 210, however, it is possible for a person charged with a crime to avoid criminal prosecution. This section permits an arrested individual who meets the eligibility requirements of the statute to apply for civil certification in lieu of trial of the criminal charge. If the certification is granted the criminal charges against the defendant are dismissed and the defendant is treated exactly as a person who is civilly committed. Section 210 as pertinent provides as follows:

" 1. In any case where an indictment, information or complaint has been filed in a court against a defendant charging him with a felony, misdemeanor or the offense of prostitution, and such defendant meets the eligibility requirements set forth in subdivision two of this section, he *may apply* for civil certification by *filing a petition* with the court wherein such criminal action is pending *stating* that he is a narcotic addict and requesting civil certification to the care and custody of the commission.

" 2. [eligibility]  *  *  *

" 3. If the court grants the application for certification, the court shall certify the defendant to the care and custody of the commission in accordance with the procedures set forth in *section two hundred six* of this article. In such case, *all provisions* applicable to a certification under section two hundred six shall apply. Upon making such certification, the court shall dismiss the criminal charge.

" 4. If the court denies the application the court shall proceed with the criminal action, including in appropriate cases, the procedures provided in this article for persons alleged to be narcotic addicts and charged with a felony, misdemeanor or the offense of prostitution." (Emphasis supplied.)

It is this section which is the main concern of the present appeal. The respondents contend that they were arrested and certified pursuant to section 210 without being informed of their various rights and without being afforded the protection which they maintain the statute provides. More specifically they claim that the reference in subdivision 3 of section 210 to the " procedures set forth in section two hundred six " and to " all provisions applicable to a certification under section two hundred six ", should be interpreted as mandating that the precise procedure laid down in section 206 should be applied to petitioners under section 210. Thus, the respondents contend that upon their petitioning the court for certification that they be granted a medical examination and be given a copy of the

report, that they be informed of their right to counsel and the right to have a hearing before a Judge or jury prior to their certification, and that they be brought before the court no more than seven days after their examination in the same manner as a person who was civilly committed.

The appellant maintains, however, that this interpretation is not required by the statutory language. The State argues that subdivision 3 of section 210, in referring to the procedure set forth in section 206, was intended to only refer to those procedures in section 206 which occur after the alleged addict has actually been certified to the commission as a narcotic addict. Therefore, according to the appellant, section 210 merely requires that the trial court comply with section 206 (subd. 4, par. b) and the sections following which direct the manner by which an addict is to be transferred to a rehabilitation center and the manner and length of time he is to be retained there. Of course, as noted above, the trial court rejected this argument and instead determined that the reference to section 206 had a broader purpose which, the court felt, was not complied with and granted the writs.

The purpose of the law is twofold — for the protection and rehabilitation of the drug addict and, of equal importance, the protection of society.

The appellant's argument, based primarily upon the voluntary act of the individual petitioner and the contention that '' the additional hearings for these self-acknowledged addicts would create a serious impasse for the courts '', at first impression constitute plausible reasons for affirming the argument. But if the provisions of section 206 were to be applied in all instances save section 210, the statute would raise serious constitutional problems since not only would there be a denial of due process in not advising the defendant of the consequences of his actions (see *Matter of James,* 22 N Y 2d 545) but there would be created a serious issue as to the lack of equal protection since voluntary petitioners under section 206 do, in fact, receive such warnings (§ 206, subd. 2, pars. a and d). This contention and the claim as to '' court impasse '' are substantially settled in *People* v. *Fuller* (24 N Y 2d 292) and *People* v. *Donaldson* (25 N Y 2d 38). There is a judicial policy of construing legislative enactments so as to preserve their constitutionality and continuing vitality. (See *Matter of Seitz* v. *Drogheo,* 21 N Y 2d 181, 186.)

Subdivision 1 of section 210 permits an application for civil certification, such application to be made by filing a petition in which the defendant (petitioner) admits that '' he is a narcotic addict ''. Upon receiving such a petition it appears that the

court must make a preliminary decision as to eligibility for such treatment, but such a determination would be reflected by the decision of the court to grant the application. The next step in the procedure would appear to be the granting or denial of the petition (application). If granted, the court must then proceed in accordance with section 206 to determine whether or not the petitioner is in fact a narcotic addict.

The language of section 210 incorporating the provisions of section 206 seems clear and unequivocal. If there was any doubt as to the intention of the Legislature to require that "voluntary" petitioners pursuant to section 210 be accorded the same rights as those pursuant to section 206, one need only consider that a person accused of a crime is in no way subject to a loss of his civil rights. Subject to such restraints as may be imposed on an accused to insure his presence in court prior to disposition of the criminal charge, he is under no civil disabilities. In a broad sense, to substantially differentiate between procedural safeguards accorded a non-accused and an accused would result in unequal protection of the law without any reasonable or at least legal cause for such inequality. Former sections 210 to 212 (L. 1962, ch. 204) which were the forerunners of the present section 210 generally provided for the same type of safeguards as section 206 now provides. It is doubtful if those safeguards were intended to be eliminated by the amendments added by section 12 of chapter 192 of the Laws of 1966. In short, it is the opinion of this court that the reference in section 210 to section 206 was intended to require the same procedure upon presentation of a petition pursuant to section 210 as that provided under section 206 for a voluntary petitioner not charged with a crime, except insofar as the continued restraint of liberty imposed on a section 210 petitioner may flow from the criminal charge which remains pending against him until and unless he is actually certified as an addict.

As of now, it is necessary to assure that an addict is afforded due process and equal protection within the confines of sections 210 and 206 as they now exist. As long as section 206 requires that addicts who civilly commit themselves be advised of the full consequences of their action, as well as a right to counsel, the right to a hearing before a Judge or jury and the right to have a copy of their medical examination, no less can be required for an addict who commits himself under section 210 because in reality a person faced with civil commitment or criminal prosecution cannot in any real sense be making a totally voluntary decision. If a more streamlined method is feasible, it is

for the Legislature and not for this court to make such amendments.

Strict compliance with the present article 9 of the Mental Hygiene Law will minimize future collateral attacks on the certification to the care and custody of the commission.

Special Term erred in holding that there was a loss of jurisdiction on the part of the committing court. Each and every petitioner presented a petition to the committing court and such court already having jurisdiction of the person of the petitioner by virtue of his prior arrest on criminal charges, jurisdiction pursuant to section 210 was perfected by the filing of the petition. The failure of the committing court to follow the applicable procedures subsequent to the acquisition of jurisdiction will require that the order of commitment must be set aside, but does not affect the jurisdiction of the court.

In each of the present actions the committing court so deviated from the procedural requirements of sections 210 and 206 that the orders of certification are defective and accordingly must be vacated and set aside. Upon remand to the court of original jurisdiction, the petition of the defendant stating that he is a narcotic addict and requesting civil certification to the care and custody of the commission should either be granted or denied in accordance with the procedure outlined herein. If the defendant is not so certified, the original " indictment, information or complaint filed " in the court should be reinstated upon proper motion.

As to the petitioner DeLestre (No. 14449), it appears that at the time he appeared before the committing court with counsel, he was there for sentencing in a criminal case and also for disposition of a pending criminal charge. The court proceeded properly in accordance with section 208 which was applicable on sentencing, but after proceeding in accordance with section 208 the court imposed sentence and signed an order reciting the commitment was pursuant to section 210. In this case it is necessary to vacate the order of commitment and if the court intended to proceed under section 208 it can correct the imposition of both commitment and sentence on remand.

The judgments should be modified, on the law and the facts, by striking the decretal paragraphs therefrom and ordering and decreeing that the writs appealed from be sustained to the extent of vacating the orders of certification in the courts of original jurisdiction and directing the petitioners be returned to said courts for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Submit order in each proceeding.

GIBSON, P. J., REYNOLDS, STALEY, JR., and COOKE, JJ., concur.

Judgments modified, on the law and the facts, by striking the decretal paragraphs therefrom, and ordering and decreeing that the writs appealed from be sustained to the extent of vacating the orders of certification in the courts of original jurisdiction and directing petitioners be returned to said courts for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Submit order in each proceeding.